UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAITLYN D'ANGELO,<br><br>                                    Plaintiff,<br><br>-against-<br><br>DEPUTY ANDREW FOERTSCH; SULLIVAN COUNTY SHERIFF'S OFFICE, Law Enforcement Agency,<br><br>                                    Defendants. | 25-CV-8600 (JGLC)<br><br>**ORDER OF SERVICE** |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants Deputy Andrew Foertsch and the Sullivan County Sheriff's Office violated her rights. By order dated October 28, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court substitutes Sullivan County for the Sullivan County Sheriff's Office and directs service on Sullivan County and Deputy Foertsch.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.  Sullivan County Sheriff's Office

Plaintiff's claims against the Sullivan County Sheriff's Office are dismissed because municipal agencies or departments generally do not have the capacity to be sued under New York law.[1] *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against Sullivan County, the Court construes the complaint as asserting claims against Sullivan County, and directs the Clerk of Court to amend the caption of this action to replace the Sullivan County Sheriff's Office with Sullivan County. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Sullivan County may wish to assert.

---

[1] A "plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter." *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) (emphasis omitted). It is unclear from the Sullivan County Charter whether the Sullivan County Sheriff's Office has the capacity to be sued, but prior opinions by courts in this District suggest that it cannot. *See Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 438 (S.D.N.Y. 2012) (explaining "that the weight of authority supports the view that the Sullivan County Sheriff's Department is not a suable entity" to be sued); *Gaddy v. Sullivan Cnty. Jail Adm'r & Med. Dep't*, No. 24-CV-4243 (KMW), 2025 WL 2222659, at *4 (S.D.N.Y. Aug. 4, 2025) (citing the Sullivan County Charter, art. VII, § C7.01 (Sheriff and County Jail) provision to find that the county's Charter does not permit the Jail or its Medical Department to be sued).

B.   **Sullivan County and Deputy Foertsch**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Sullivan County and Deputy Foertsch through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Sullivan County Sheriff's Office. The Clerk of Court is directed to add Sullivan County as a Defendant under Fed. R. Civ. P. 21, and to terminate the Sullivan County Sheriff's Office.

The Clerk of Court is instructed to issue a summons for Sullivan County and Deputy Foertsch, complete the USM-285 form with the address for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

Plaintiff may receive court documents by email by completing the form, Consent to Electronic Service.[3]

SO ORDERED.

Dated:  October 30, 2025
        White Plains, New York

                                          _____
                                          JESSICA G. L. CLARKE
                                          United States District Judge

---

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Sullivan County
   100 North Street
   Monticello, NY 12701

2. Deputy Andrew Foertsch
   Sheriff's Office
   58 Old Route 17
   Monticello, NY 12701